UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STRICT SCRUTINY MEDIA, CO., a Nevada corporation, INDEPENDENT ORDER OF ODD FELLOWS RENO LODGE #14/MOUNTAIN VIEW CEMETERY, a Nevada non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF RENO, a municipal corporation,<br><br>Defendant. | Case No. 3:16-cv-00734-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This case involves a First Amendment challenge to two provisions in the City of Reno's Planning Code. Defendant City of Reno ("Reno" or "the City") has moved to Dismiss Plaintiffs' First Amended Complaint ("Defendant's Motion") (ECF No. 20) pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the Motion, Plaintiffs' response (ECF No. 24), and Defendant's reply (ECF No. 25). For the reasons discussed below, Defendant's Motion is granted and Plaintiffs' First Amended Complaint ("FAC") is dismissed.

Plaintiff Strict Scrutiny Media, Co.[1] also filed an Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO Motion") (ECF No. 5

---

[1] Plaintiffs reference "Strict Scrutiny, Inc." in the body of the FAC, but the case caption identifies a different entity, Strict Scrutiny Media, Co. (*See* ECF No. 17 at 2.) The Court will refer to Strict Scrutiny Media, Co. or SSM.

before filing the FAC (ECF No. 17). Because Defendant's Motion is granted, the TRO Motion is denied as moot.

## II. BACKGROUND

Plaintiff Strict Scrutiny Media, Co. ("SSM") filed its initial complaint on December 17, 2016. (ECF No. 1.) SSM subsequently amended its complaint to add Independent Order of Odd Fellows Reno Lodge #14/Mountain View Cemetery ("Oddfellows") as an additional plaintiff. The following facts are taken from the FAC, although the Court has difficulty discerning the specific claims for relief and the accompanying facts that support them. Therefore, the Court does its best to focus on those facts that indicate a plausible claim for relief.

Plaintiffs challenge the constitutionality of provisions in two different city codes: Reno's Administrative Code and Reno's Land Development Code.[2] While Plaintiffs refer to the two codes together as "CODE" (ECF No. 17 at 2), to ensure clarity the Court will identify the specific code.

On or about December 16, 2016, SSM constructed two permanent signs located at 1300 Stardust Street and 435 Stoker Avenue, both in the City of Reno.[3] It is unclear which location possesses which sign, but the FAC alleges that one of the existing signs measures twelve feet by thirty-six feet and the other measures eight feet by thirty feet, their respective messages being "BANQUET HALL AVAILABLE" and "MOUNTAIN VIEW CEMETERY."[4] (*Id.* at 3.) SSM claims it may at some point in the future add LED lighting

---

[2]Plaintiffs refer to the Land Development Code as the "Municipal Code". (*See* ECF No. 17 at 2.)

[3]SSM also references nine future signs it plans to construct, stating that it has "received permission" to display one or more signs from the leaseholder or fee owner of nine identified parcels of land and that it "desires to display" one new permanent sign on each of the nine parcels. (ECF No. 17 at 2-3.) The Court finds these claims to be far too speculative for purposes of standing, and therefore it will focus only on the two signs already constructed on Oddfellows' property.

[4]It is unclear to the Court if these messages are on-premises or off-premises advertisements. They appear to be on-premises signs because the advertisements relate to Oddfellows' business in light of the reference to Mountain View Cemetery, which is connected to Oddfellows' name. However, if they contain SSM's speech, then they ostensibly would be off-premises signs.

or include commercial speech, non-commercial speech, on-premises speech, off-premises speech, or a combination of some or all of these types of speech on these signs.[5]

Before the construction of the two signs, Mike Jacobs, a principal of SSM, met with two employees of Reno's Planning Department. In the meeting, Jacobs inquired whether he could display a permanent sign with a political message on it. The City employees stated that a permanent political sign is not permitted by the City's code and that Jacobs would not be able to obtain a permit. From the FAC, it appears that neither Jacobs nor SSM applied for a permit from the City of Reno.[6]

In 2016, Oddfellows obtained a sign permit for its property. Oddfellows allowed SSM to construct and display an on-premises sign at 435 Stoker Avenue. SSM states that it is responsible for the construction of the sign and the speech displayed. On December 8, 2016, the City of Reno posted a Stop Work Order ("SWO") on this sign, indicating that the sign as constructed generally violated Reno's Land Development Code § 18.16 (which governs signs). The FAC goes on to state that on December 30, 2016 Oddfellows received a Notice of Violation from the City for violating Reno Administrative Code § 14.16.040. (ECF No. 17 at ¶ 16.) The Notice also states that Oddfellows needed a permit to erect the sign at 435 Stoker and the sign was installed without a valid building permit. (*Id.*)

In contrast, the sign located at 1300 Stardust Street[7] was constructed without a permit. The FAC alleges that on December 30, 2016 the City of Reno issued a Notice of

---

[5]SSM also states that it intends to earn income by displaying off-premises speech on some or all of the faces of the two signs and the nine potential signs, and that SSM may receive payments from others for these signs. (*See* ECF No. 17 at 6.) This statement is far too speculative for purposes of standing. The Court therefore focuses only on the two signs already in existence that have received the City's rebuke.

[6]It appears that SSM is bringing this lawsuit specifically because it, not Oddfellows, cannot obtain a permit for the purposes it seeks.

[7]Paragraph 12 of the FAC states that both 435 Stoker and 1300 Stardust are owned by Oddfellows, with whom SSM has lease agreements to build the two existing signs. However, the language of Paragraph 15 obfuscates the identity of the property owner of 1300 Stardust.

3

Violation against the property owner or responsible party for this sign for violating Reno Administrative Code § 14.16.040. (ECF No. 17 at ¶ 15.) The Notice was issued because "a permit [was] required to erect the sign[] and the sign was installed without a valid building permit." (*Id.* at ¶¶ 15-16.) In the Notice, the City threatened administrative citations or criminal penalties for the violation.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of

a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV. DISCUSSION

### A. Deficiencies in the FAC

The FAC's conclusory and confusing allegations fail to comply with *Iqbal/Twombly*. The FAC alleges that Plaintiffs "are making a facial challenge, an as-applied challenge, and an overbreadth challenge to RENO's regulation of signs." (ECF No. 17 at 2.) However, the allegations are too conclusory to support these purported claims. For example, the FAC alleges that Reno prohibits all new permanent off-premises advertising displays (ECF No. 17 at 6), but, as alleged, it is not clear how the outright ban on all new permanent off-premises advertising signs prohibits the currently existing signs.[8] Moreover, the FAC alleges that Land Development Code § 18.16.203 exempts certain businesses from the permit and height and size requirements for permanent on-premises

---

[8]As alleged in Paragraph 9, it is unclear how the currently existing signs are off-premises commercial advertising displays, as they appear to contain advertisements for Oddfellows' business. (*See* discussion *supra* at n. 4.) To the extent that the FAC contends that Reno prohibits new off-premises permanent signs that display commercial speech and the signs at issue are really off-premises advertisements, Plaintiffs may be able to allege a claim under *Central Hudson*. *See Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980). For this reason, the Court will give Plaintiffs leave to amend.

signs, but this provision only appears to exempt the enumerated businesses from the permit and application process. Further, it is unclear how that exemption injures SSM given that it does not claim to own any property and the provision applies to on-premises permanents signs.[9] Arguably, however, Oddfellows would be injured, but this is not clear from the allegations in the FAC.

Faced with Plaintiffs' conclusory allegations, Defendant's Motion attempts to parse Plaintiffs' claims for relief but ultimately argues that the FAC contains legal conclusions unsupported by sufficient factual allegations. The City raises four arguments based on what it perceives to be Plaintiffs' claims. The Court agrees with Defendant.

Defendant's first argument is that Plaintiffs fail to allege facts sufficient to plead the elements of a due process violation. (ECF No. 20 at 5.) Plaintiffs respond that they are not attempting to argue a due process violation; rather, they are arguing that the SWO is a prior restraint that does not have adequate procedural safeguards, as is required by the Constitution. (*See* ECF No. 24 at 6.) The term "prior restraint" is used to describe "administrative or judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." *Alexander v. U.S.*, 509 U.S. 544, 550 (1993) (internal quotation marks and citation omitted). Furthermore, a prior restraint is unconstitutional where the deciding official fails to base its determination on narrow, objective, and definite standards. *See Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975). Plaintiffs contend that the SWO is a prior restraint because it provides no explanation as to why the sign violates Land Development Code §18.16, has given no timeframes for determination, and has deprived Plaintiffs of their right to a legally acquired permit (ostensibly a property right). (*See* ECF No. 24 at 7.) Based on the legal definition of "prior restraint," however, the facts as alleged in the FAC fail to demonstrate that the SWO is a prior restraint. Even assuming that the SWO was issued without any

---

[9]While the gist of the allegation appears to involve new permanent off-premises advertising displays, the allegations in paragraph 9 appear to implicate on-premises displays as well. While SSM owns the sign, they appear currently to be displaying Oddfellows speech and not their own speech on the existing signs.

6

established standards, the SWO does not "forbid certain communications" and was not made ahead of the time the communication was to occur. *See Alexander*, 509 U.S. at 550. Moreover, because the City cited to a provision in the Land Development Code, it is clear that the City utilized definite standards in making the decision to cite Plaintiffs. At best, Plaintiffs may be able to allege a procedural due process claim, but the SWO does not appear to have actually interfered with Plaintiffs exercise of their property interests, as they state that they completed the project.

Defendant's second argument is that Plaintiffs fail to allege sufficient facts showing that the City's sign code does not have valid height or size requirements for SSM's sign, making the claim a mere legal conclusion. (ECF No. 20 at 7.) Plaintiffs respond that in the FAC, the statement that the sign code does not have valid size and height requirements is a logical extension that, because the sign code is unconstitutional, SSM has no notice as to what size and height measurements are valid. (*See* ECF No. 24 at 8.) The Court agrees with the City that Plaintiffs have failed to allege sufficient facts demonstrating how certain sign code provisions may be unconstitutional.

Defendant's third argument pertains to the permitting process. In particular, the City claims that "SSM argues that obtaining a sign permit before a building permit somehow creates a First Amendment violation." (ECF No 20 at 7-8.) Plaintiffs respond that because they contend that the sign code is unconstitutional, the requirement to obtain a sign permit cannot be enforced against them. (ECF No. 24 at 9.) Plaintiffs therefore ask that this Court enjoin the City from enforcing the requirement that it obtain a sign permit before it may obtain a building permit. (*Id.*) The Court agrees with the City that Plaintiffs have failed to allege sufficient facts demonstrating that certain provisions in the code are unconstitutional.

Defendant's fourth argument is that SSM fails to sufficiently allege facts to bring an equal protection violation. (ECF No. 20 at 8.) Plaintiffs made passing reference to an equal protection violation in one paragraph of the FAC: "The denial of the right to speak violates [SSM's] right to equal protection under the United States Constitution and the

Constitution of the State because the City favors the content and the speaker of the messages of public utilities, hospitals, railroads, and others, over the content proposed and displayed by Plaintiff." (ECF No. 17 at 11.) Defendant argues that this allegation alone is a legal conclusion and does not provide the specific facts to support all the elements of an equal protection claim. (ECF No. 20 at 9.) Plaintiffs respond that the FAC provides "myriad facts" to support its equal protection claim (ECF No. 24 at 5). Yet, Plaintiffs do not allege the elements of such a claim, and the Court is unconvinced that facts purporting content-based discrimination under the First Amendment amount to an Equal Protection Clause claim under the Fourteenth Amendment.[10]

### B. Amendment

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As pleaded, the FAC does not contain sufficient facts to meet the elements of facial challenges to City's Planning Code. However, the Court is unclear on whether amendment would be futile as to Plaintiffs' First Amendment challenges to §§ 18.16.902 and 18.16.203 of the City's Land Development Code. Accordingly, the Court grants Plaintiffs leave to amend the FAC if Plaintiffs are able to cure the deficiencies identified in this Order.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant City of Reno's Motion to Dismiss (ECF No. 20) is granted. Plaintiffs are granted leave to amend their complaint within thirty (30) days

///

---

[10]The Fourteenth Amendment makes the First Amendment applicable to the states. *See Murdock v. Com. Of Pennsylvania*, 319 U.S. 105, 108 (1943).

of this Order to the extent they are able to cure factual deficiencies in the FAC. Failure to file an amended complaint will result in dismissal of this action with prejudice.

It is further ordered that Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) is denied as moot.

DATED THIS 18th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE