UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STRICT SCRUTINY MEDIA, CO., a Nevada Corporation; INDEPENDENT ORDER OF ODD FELLOWS RENO LODGE #14/MOUNTAIN VIEW CEMETERY, a Nevada non-profit corporation,<br><br>Plaintiffs,<br>v.<br>THE CITY OF RENO, a municipal corporation,<br><br>Defendant. | Case No. 3:16-cv-00734-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

This case concerns the constitutionality of the City of Reno's sign ordinances. Before the Court are (1) Defendant City of Reno's motion for summary judgment ("Reno's Motion") (ECF No. 70) and (2) Plaintiff Strict Scrutiny Media, Co.'s ("SSM") motion for summary judgment[1] ("SSM's Motion") (ECF No. 71).[2] For the following reasons, the Court grants Reno's Motion and denies SSM's Motion.

**II.  BACKGROUND**

The following facts are undisputed unless otherwise indicated.

SSM is a media and advertising company that primarily builds and markets billboards. (ECF No. 71 at 7.) Reno Municipal Code ("RMC") Chapter 18.16 governs all signs in Reno—including billboards—and is divided into two articles. Article I relates to on-

---

[1]SSM styled its motion as one for partial summary judgment, but there is only one claim remaining in the case. *See infra* Section II. Accordingly, the Court considers SSM's motion as one for complete summary judgment.

[2]The Court has reviewed the parties' respective responses (ECF Nos. 82, 79) and replies (ECF No. 83, 84),

premises signs, and Article II relates to off-premises advertising displays (i.e., billboards). On-premises signs advertise the services or products available where the sign is located. *See* RMC § 18.24.203.4570(28). Off-premises advertising displays draw attention to services or products that are available in a different place than where the display is located. *See* RMC § 18.24.203.4570(23). Reno generally allows on-premises signs subject to various restrictions in Article I. *See* RMC Ch. 18.16, Art. I. But Reno bans the constructions of new, permanent off-premises advertising displays. RMC § 18.16.902 ("the Billboard Ban"). SSM challenges the constitutionality of the Billboard Ban.

The only remaining Plaintiff in this case is SSM. (*See* ECF No. 77 (dismissing Plaintiff Independent Order of Odd Fellows Reno Lodge #14/Mountain View Cemetery from the action).) In addition, all of SSM's claims have been dismissed except for its claim challenging the constitutionality of the Billboard Ban. (*See* ECF No. 55 at 18 ("Dismissal Order").)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89

(1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.     SSM'S MOTION (ECF NO. 71)

SSM advances three arguments in its Motion about the constitutionality of the sign ordinances. The Court rejects these arguments and denies SSM's Motion.

SSM's first argument relates to RMC § 18.16.911, which essentially allows individuals to apply for permits to build temporary billboards promoting special events. (ECF No. 71 at 10.) SSM argues that this ordinance is unconstitutional because it provides the City Manager with unbridled discretion to approve or deny the building applications. (*Id.*) Reno contends that this argument lies outside the scope of the claim the Court allowed to proceed in the Dismissal Order. (*See* ECF No. 79 at 4.) The Court agrees with Reno. The Court expressly dismissed SSM's claim based on a theory of unbridled discretion because it derived from facts not mentioned in the original complaint or First Amended Complaint ("FAC"). (ECF No. 55 at 16.)

///

SSM's second argument relates to RMC § 18.16.910, which allows off-premises billboards—without permits—on private property with the permission of the property owner. (ECF No. 71 at 13.) SSM argues that this ordinance is unconstitutional because it restricts speech on the basis of content. (*Id.*) Specifically, SSM argues that the RMC favors on-premises political speakers to off-premises political speakers because on-premises signs are allowed and off-premises signs are not. (*See id.* at 14.) Reno argues that the Court already rejected this argument. (ECF No. 79 at 4-5.) The Court agrees with Reno. As the Court stated in the Dismissal Order, "[t]he distinction between on-premises and off-premises has meaning only in the context of commercial speech to distinguish between services sold on site and those sold elsewhere." (ECF No. 55 at 12.) Moreover, the content in both scenarios SSM discusses is the same—political speech. Thus, SSM has not presented a content-based distinction.

SSM's third argument relates to RMC § 14.16.080, which allows transportation authorities to erect signs without a permit. (ECF No. 71 at 21.) SSM argues that this ordinance contains speaker-based exemptions in violation of the First Amendment. (*Id.*) Reno argues that this claim lies outside the scope of the Court's order because SSM has never challenged or discussed this section of the RMC in any of its previous pleadings in this case. (ECF No. 79 at 5.) SSM counters that RMC § 14.16.080 is an exemption that demonstrates the Billboard Ban—which the Court permitted SSM to challenge—is unconstitutional. (ECF No. 83 at 5.) The Court agrees with Reno that SSM's argument lies outside the scope of the claim that was permitted to proceed in the Dismissal Order. Plaintiffs challenged five provisions of the RMC as unconstitutionally content- or speaker-based, and RMC § 14.16.080 was not among them. (*See* ECF No. 55 at 9.)

Accordingly, the Court will deny SSM's Motion.

**V.    RENO'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 70)**

Reno argues that SSM's challenge to the Billboard Ban fails under the test prescribed in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980). (ECF No. 70 at 6.) The Court agrees.

4

"In *Central Hudson*, the Supreme Court announced a four-part test for assessing the constitutionality of a restriction on commercial speech: (1) if 'the communication is neither misleading nor related to unlawful activity,' then it merits First Amendment scrutiny as a threshold matter; in order for the restriction to withstand such scrutiny, (2) '[t]he State must assert a substantial interest to be achieved by restrictions on commercial speech;' (3) 'the restriction must directly advance the state interest involved;' and (4) it must not be 'more extensive than is necessary to serve that interest.'" *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 684 (9th Cir. 2010) (alteration in original) (quoting *Metro Lights, LLC v. City of Los Angeles*, 551 F.3d 898, 903 (9th Cir. 2009)).

The parties dispute only the third and fourth factors. (*See* ECF No. 82 at 6.) As to the third factor, Reno argues that the Billboard Ban directly supports and advances the City's stated interests under RMC § 18.16.901 in preventing distraction and clutter, safeguarding property values, promoting the general welfare and public safety, and promoting the esthetic qualities of Reno. (ECF No. 70 at 8 (citing RMC § 18.16.901).) As to the fourth factor, Reno argues that the Billboard Ban is no more extensive than necessary to achieve the City's stated goals because the Billboard Ban does not restrict on-premises signs or require the removal of existing off-premises advertising displays. (*Id.* at 8-9.) The Court agrees with Reno that the *Central Hudson* test is satisfied here.

SSM argues that the third and fourth factors are not satisfied because the RMC contains exemptions to the Billboard Ban that are content- and speaker-based. (ECF No. 82 at 6-8.) Specifically, SSM argues that special events signs and political signs are not subject to the Billboard Ban. (*Id.* at 7 (citing ECF No. 55 at 10-11).) SSM refers the Court to its own Motion for an explanation of how these exceptions are content- or speaker-based. (*Id.*) But SSM's Motion does not explain why the special events exception is content-based. (*See* ECF No. 71 at 10-13.) Rather, SSM's Motion details that the special events exception vests the city manager with unbridled discretion—an argument the Court already dismissed. (*See* ECF No. 55 at 16.) And SSM's discussion of political signage does not demonstrate a content-based restriction, as discussed *supra* Section IV.

Accordingly, the Court will grant Reno's Motion.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Reno's motion for summary judgment (ECF No. 70) is granted.

It is further ordered that SSM's motion for partial summary judgment (ECF No. 71) is denied.

It is further ordered that SSM's motion for leave to file supplemental authority (ECF No. 88) is denied as moot.

The Clerk of the Court is instructed to enter judgment in favor of the City of Reno and close this case.

DATED THIS 11th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE